```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
NYU LANGONE HOSPITALS,

                 Plaintiff,

        - against -

1199SEI NATIONAL BENEFIT FUND FOR           MEMORANDUM AND ORDER
HEALTH AND HUMAN SERVICE EMPLOYEES
and 1199SEIU NATIONAL BENEFIT FUND          22 Civ. 10637 (NRB)
FOR HOME CARE EMPLOYEES,

                 Defendants.
-------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff NYU Langone Hospitals ("plaintiff") sued defendant insurers in the Supreme Court of New York, County of New York, claiming that they breached the parties' contract by failing to pay for the hospital stays of the newborns of three of their members. Defendants removed the case to federal court and moved to dismiss plaintiff's amended complaint for failure to state a claim. For the following reasons, we grant the motion and dismiss plaintiff's amended complaint with prejudice.

**BACKGROUND**

**A.   Factual Background**[1]

Plaintiff is a not-for-profit corporation that maintains health care facilities in New York County. ECF No. 11 ("Am. Compl.") ¶ 1. Defendants 1199SEIU National Benefit Fund for Health and Human Service Employees and 1199SEIU National Benefit Fund for Home Care Employees (together, "defendants" or the "Benefit Funds") are each self-funded, multi-employer trust funds established in accordance with Section 186(c) of the Labor Management Relations Act of 1947 and are "employee welfare benefit plans" as that term is defined in the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA"). Id. ¶¶ 2-3; Affidavit of Richard Fabio ("Fabio Aff."), ECF No. 18, ¶¶ 4.[2] As multi-employer trusts, the Funds are financed with

---

[1] Unless otherwise noted, the facts considered and recited here for purposes of the instant motion to dismiss are drawn from plaintiff's Amended Complaint and are accepted as true, taking all reasonable inferences in plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995).

[2] Richard Fabio was, at all relevant times, the Director of the Claims Departments for the Benefit Funds. Fabio Aff. ¶ 1. Defendants included his affidavit in support of their motion to dismiss. See ECF Nos. 17-18. As a general matter, on a Rule 12(b)(6) motion, a court must limit its consideration to "facts stated on the face of the complaint, [to] documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999). However, the information conveyed in the Fabio Affidavit "is limited in scope" and while we rely on it to understand the nature of the Benefit Funds, it will "ha[ve] no impact whatsoever on the [Court's] analysis." Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999).

contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East (the "Union") and healthcare employers. Fabio Aff. ¶ 7. The Benefit Funds provide health benefits to their covered employees and their eligible family members in accordance with their written plan documents. Id.

At all relevant times, plaintiff contracted with defendants to provide health care services covered by defendants to defendants' members and their beneficiaries at negotiated rates. Am. Compl. ¶ 4. Plaintiff alleges that it provided childbirth-related health care services to three women (the "Mothers") who were the enrolled dependents of Union members participating in the Benefit Funds' plans. Am. Compl. ¶ 6; Fabio Aff. ¶ 12.[3] According to the Amended Complaint, plaintiff billed defendants for the services provided to both the Mothers and their newborns at the negotiated rates in effect on the dates of service. Am. Compl. ¶ 10. Although defendants paid the claims for the services rendered to the Mothers, defendants allegedly failed to pay for

---

[3] While the allegation that the Mothers are dependents is contained in the Fabio Affidavit, not the Amended Complaint, plaintiff acknowledged the validity of this allegation in its opposition to defendants' pre-motion letter. See ECF No. 8 at 2.

the services rendered to the newborns in violation of the parties' contract.  Id. ¶¶ 11-12.

**B.   Procedural History**

Plaintiff filed this action in state court on November 28, 2022, and defendants removed the action to federal court on December 16, 2022.[4]  ECF No. 1-1.  After defendants filed a pre-motion letter concerning their anticipated motion to dismiss, ECF No. 7, plaintiff filed the Amended Complaint on March 29, 2023, ECF No. 11.

In the Amended Complaint, plaintiff alleges that it "contracted with Defendants to provide health care services covered by Defendants to Defendants' participants and beneficiaries at negotiated rates."  Am. Compl. ¶ 4.  Plaintiff further alleges that newborns' hospital stays are a covered maternity benefit under the Newborns' and Mothers' Health

---

[4] Following removal, plaintiff did not move to remand on the ground that this Court lacks jurisdiction over plaintiff's contract claims.  Nonetheless, plaintiff now argues that the Court lacks federal question jurisdiction over its state law contract claims because entertaining this dispute would "disrupt[] the federal-state balance approved by Congress."  ECF No. 21 ("Opp.") at 16 (quoting Gunn v. Minton, 568 U.S. 251, 258 (2013)).  This argument is unpersuasive.  Indeed, as evident from the discussion below, if Congress has given any indication of its preference, it is a strong interest in favor of federal adjudication of claims implicating ERISA.  Therefore, this case is properly before the Court.  See Midpoint Serv. Provider, Inc. v. CIGNA, 256 F.3d 81, 83 (2d Cir. 2001) ("[W]hen a claim asserted in state court is preempted by the civil enforcement provisions of ERISA, removal is allowed on the basis of federal question jurisdiction.").

Protection Act of 1996 (the "NMHPA"), 29 U.S.C. § 1185. Id. ¶ 14. According to the Amended Complaint, because defendants paid plaintiff for the Mothers' hospital stays for childbirth, they were also obligated to pay plaintiff's claims for the newborns' stays as a covered maternity benefit due to the Mothers. Id. ¶ 16. Plaintiff asserts that by failing to pay plaintiff's claims for the newborns, defendants breached the parties' contract and owe plaintiff a total of nearly $50,000.[5] Id. ¶¶ 17-27.

On May 25, 2023, defendants moved to dismiss the Amended Complaint. ECF Nos. 17. That motion was fully briefed on July 24, 2023. ECF Nos. 19-23.

## DISCUSSION

### A. Legal Standard

On a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Endeavor Cap. Holdings Grp., LLC v. Umami Sustainable Seafood, Inc., No. 13 Civ. 4143 (NRB), 2014 WL 3897577, at *3 (S.D.N.Y. Aug. 7, 2014).

---

[5] Two of the Mothers were members of defendant 1199SEIU National Benefit Fund for Health and Human Service Employees, which allegedly owes plaintiff $41,323.13, and one of the Mothers was a member of 1199SEIU National Benefit Fund for Home Care Employees, which allegedly owes plaintiff $7,219.25. Am. Compl. ¶¶ 18-27.

Nonetheless, "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). Ultimately, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. If plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id.

**B. Application**

Plaintiff asserts two breach of contract claims, one against each Benefit Fund.  See Am. Compl. ¶¶ 4-27.  As alleged, the Benefit Funds are contractually obligated to reimburse plaintiff for any "covered services" it provides to the Funds' members. Id. ¶ 4.  Plaintiff claims that the Benefit Funds breached those obligations by failing to reimburse plaintiff for the newborns' hospital stays because, in plaintiff's view, their stays are a "covered service" of the member Mothers.  ECF No. 21 ("Opp.") at 9-12.  In making this argument, plaintiff does not point to any provision in the contracts with defendants or in the Benefit Funds' plans, which set forth the terms of the Mothers' covered benefits. Instead, plaintiff relies exclusively on the NMHPA, arguing that it requires the Benefit Funds to include the newborns' stays as a

covered service. Id. at 9 ("[Plainitff] relies on the NMHPA to establish that the services rendered to the newborns are a covered service under the mothers' benefits."). Whatever the merits of this contention, the Court is precluded from addressing it because plaintiff's breach of contract claims are expressly preempted by ERISA.

Enacted in 1996, the NMHPA prohibits group health plans from "restrict[ing] benefits for any hospital length of stay in connection with childbirth for the mother or newborn child" to less than 48 hours for a "normal vaginal delivery" or 96 hours following a cesarean section.[6] 29 U.S.C. § 1185(a)(1). Critically, the NMHPA and its requirements were incorporated into ERISA, which contains a broad preemption provision stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] plan." 29 U.S.C. § 1144(a). This provision, which the Supreme Court has repeatedly described as "clearly expansive," preempts state laws and claims that have a "connection with" or "reference to" ERISA plans. Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 146-47 (2001). As to state common law claims, such as plaintiff's breach of contract claims,

---

[6] Plaintiff alleges that the newborns' stays were within the mandated minimum. Am. Compl. ¶ 15.

"ERISA preempts those that seek to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 114 (2d Cir. 2008) (internal quotation marks omitted).

Here, plaintiff's breach of contract claims fall squarely within the scope of ERISA's expansive preemption provision. As plaintiff makes abundantly clear in its briefing, plaintiff's argument boils down to the contention that by failing to cover the newborns' hospital stays, the Benefit Funds violated the NMHPA, a part of the ERISA statute. It is this consistent reliance on the NMHPA that dooms plaintiff's breach of contract claims. Indeed, far from seeking "to remedy [a] violation of a legal duty independent of ERISA," id. (emphasis added), plaintiff's claims are predicated entirely on a legal duty that is supposedly imposed by ERISA itself. Thus, even if plaintiff were correct that ERISA (by way of the NMHPA) requires coverage of the newborns' hospital stays, such a claim is may properly be brought through ERISA's civil enforcement regime, not by asserting breach of contract claims. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 145 (1990) (holding that ERISA preempts claims that "purport[] to provide a remedy for the violation of a right expressly granted by

[ERISA]."). As such, plaintiff cannot escape the broad reach of ERISA's preemption provision.

To resist this conclusion and avoid preemption, plaintiff insists that it is simply seeking to enforce the terms of its own, separate contract with defendants. Opp. at 14-15. However, the cases plaintiff relies upon for this proposition directly undercut its argument. For example, plaintiff cites Thrift Drug, Inc. v. Universal Prescription Adm'rs, 131 F.3d 95, 96 (2d Cir. 1997). There, the Second Circuit held that plaintiff's breach of contract claim was not preempted by ERISA because it "has no effect on employee benefit structures or their administration and does not interfere with the calculation of any benefits owed to any employees." Id. at 98. The exact opposite is true of plaintiff's claims here, which expressly challenge the scope of benefits provided to the Benefit Funds' plan members and the Funds' administration of their plans. In essence, plaintiff seeks to alter (and broaden) the set of benefits that the Benefit Funds offer their members so that plaintiff can recover funds it believes were wrongly withheld. While this may be properly accomplished through the assertion of an ERISA claim, the same cannot be said of a breach of contract claim, "for it has long been established in this Circuit that breach of contract claims arising from a

failure to pay benefits under an ERISA plan are preempted." Chau v. Hartford Life Ins. Co., 167 F. Supp. 3d 564, 572 (S.D.N.Y. 2016) (citing cases).  Accordingly, our conclusion is left undisturbed: plaintiff's claims are expressly preempted by ERISA.

**C.   Request to Amend**

Plaintiff requests leave to amend the Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Opp. at 12-13.  Under Rule 15(a)(2), a court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend should be denied when an amendment would be "futile" because the amendment fails to state a claim upon which relief can be granted.  See Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012).  Here, plaintiff has already had one opportunity to file an amended complaint after receiving defendants' pre-motion letter, which highlighted the legal deficiencies of the breach of contract claims that were asserted in plaintiff's original complaint. ECF No. 7.  As discussed above, the Amended Complaint could not overcome those deficiencies, and a third attempt would fare no differently.

Moreover, to the extent that plaintiff wishes to add an ERISA claim to its pleadings, that amendment would be futile.  Under

ERISA, only members, beneficiaries, fiduciaries, or the Department of Labor have the right to challenge the Benefit Funds' administration of plan benefits by bringing claims under ERISA's civil enforcement provision.  29 U.S.C. § 1132(a).  To be sure, plaintiff alleges that the Mothers "assigned their health care benefits to plaintiff," Am. Compl. ¶ 8, which has been recognized as sufficient to give a provider like plaintiff standing to sue under ERISA, see, e.g., Merrick v. UnitedHealth Grp. Inc., 175 F. Supp. 3d 110, 116 (S.D.N.Y. 2016).  However, the underlying Benefit Funds' plans explicitly and unambiguously prohibit the assignment of benefits to participating providers or the assignment of any other plan rights to any provider.  See Fabio Aff., Ex. A at 165-66, 174; Fabio Aff., Ex. B at 109.[7]  As plaintiff may recognize given its failure to assert an ERISA claim in the first instance, this anti-assignment provision precludes plaintiff from asserting an ERISA claim since courts in this District have held that "where plan language unambiguously prohibits assignment, an attempted assignment will be ineffectual [and] a healthcare provider who has attempted to obtain an assignment in contravention of a plan's terms is not entitled to recover under ERISA."  Merrick, 175 F.

---

[7] The Court may consider the plan documents because they form some part of plaintiff's breach of contract claim and would undoubtedly be integral to any amended pleading that asserted an ERISA claim.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Supp. 3d at 119 (citing cases). Therefore, because any amendment would be futile, plaintiff's claims are dismissed with prejudice.[8]

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion in full and therefore dismisses the Amended Complaint with prejudice. The Clerk of Court is respectfully requested to terminate the motion pending at ECF No. 17 and close this case.

**SO ORDERED.**

Dated:    March 7, 2024
          New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[8] The Court recognizes that the parties requested oral argument, but given that the outcome of this case turns on purely legal issues that were well presented in the parties' briefing, the Court concluded that oral argument was unnecessary.